IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DYLAN THOMAS, and AUSTIN E. LIGHTFEATHER, <br><br> Plaintiffs, <br><br> vs. <br><br> GABRIAL MATTINGLY, Confidential Informat; SARPY COUNTY SHERIFFS DEPARTMENT, State Actor, Individual Capacity; LINCOLN POLICE DEPARTMENT, and LINCOLN REGIONAL CENTER, <br><br> Defendants. | **8:21CV272** <br><br> **MEMORANDUM AND ORDER** |

Plaintiffs Dylan Thomas ("Thomas") and Austin E. Lightfeather ("Lightfeather") filed a joint Motion for Leave to Proceed in Forma Pauperis ("IFP"). (Filing 2.) Pursuant to 28 U.S.C. § 1915(a)(1), the court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." "[I]f multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status." *Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010); *cf. Black Elk v. Roy*, No. 18-CV-3255 (DWF/LIB), 2019 WL 885641, at *1 (D. Minn. Feb. 5, 2019), *report and recommendation adopted sub nom. Elk v. Roy*, No. CV 18-3255 (DWF/LIB), 2019 WL 858671 (D. Minn. Feb. 22, 2019) ("If [one Plaintiff] cannot proceed IFP, then none of the Plaintiffs to this litigation may proceed IFP if they are jointly prosecuting this matter." (citing *Anderson*, *supra*)).

Here, Plaintiffs' joint IFP motion fails to comply with the terms of 28 U.S.C. § 1915 as it does not contain a "statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Moreover, Plaintiffs' joint motion cites to 28 U.S.C. § 1915(b)(4), which is applicable to prisoners seeking to file a civil action. However, the court cannot ascertain whether Thomas is a "prisoner" within the meaning of the Prison Litigation Reform Act ("PLRA") as he is housed at the Lincoln Regional Center ("LRC"). Pursuant to the PLRA, each prisoner in a joint action must pay the full civil filing fee. *See Cole v. Houston*, No. 4:06cv3314, 2007 WL 1309821 (D. Neb. March 30, 2007). In other words, each prisoner in a joint action must pay the full civil filing fee, just as if he had filed the suit individually.[1]

Due to the deficiencies in Plaintiffs' joint motion, the court cannot determine whether each Plaintiff qualifies for IFP status. Accordingly, the court will require Thomas and Lightfeather to each submit a separate motion for leave to proceed IFP. Alternatively, Plaintiffs have the choice of submitting the $402.00 filing and administrative fees to the clerk's office. Failure to take either action within 30 days will result in the court dismissing this case without further notice.

Plaintiffs must note that any proposed pleading or document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for

---

[1] If Thomas is presently at the LRC pursuant to a mental health commitment, then he would not be a "prisoner" within the meaning of the PLRA and would not be required to pay the court's filing fee if allowed to proceed IFP. *See Reed v. Clarke*, No. 4:04CV3168, 2005 WL 1075092, at *1 n.1 (D. Neb. May 5, 2005) ("The plaintiff is presently in the Lincoln Regional Center pursuant to a mental health commitment. The Prison Litigation Reform Act ('PLRA') does not apply to persons in custody pursuant to the Mental Health Commitment Act, as the definition of 'prisoner' in the PLRA does not include a person involuntarily committed for reasons of mental health.") (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir.2001)). The court is aware from Lightfeather's other civil actions in this court that he is a prisoner within the meaning of the PLRA as he is currently at the LRC for restoration of competency in conjunction with a pending state criminal action. (*See* Filing 18 at CM/ECF p. 1 n.1, Case No. 8:21CV116.)

himself. *See* Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. Plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

IT IS THEREFORE ORDERED that:

1. Plaintiffs' joint Motion for Leave to Proceed IFP (filing 2) is denied without prejudice to reassertion in a motion to proceed in forma pauperis that complies with 28 U.S.C. § 1915 filed by each individual Plaintiff.

2. Plaintiffs are directed to submit the $402.00 fees to the clerk's office or submit individual requests to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

3. The clerk of the court is directed to send one Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") to Plaintiff Thomas and one Form AO240 to Plaintiff Lightfeather.

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **August 26, 2021**: Check for MIFP or payment.

Dated this 27th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge