IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DYLAN THOMAS,<br><br>            Plaintiff,<br><br>vs.<br><br>GABRIAL MATTINGLY, SARPY COUNTY SHERIFF'S DEPARTMENT, LINCOLN POLICE DEPARTMENT, and LINCOLN REGIONAL CENTER,<br><br>            Defendants. | **8:21CV272**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a pretrial detainee committed to the Lincoln Regional Center after a determination that he was not competent to stand trial,[1] filed his pro se Complaint on July 21, 2021 (Filing 1), and has been granted leave to proceed in forma pauperis ("IFP"). A co-plaintiff, Austin E. Lightfeather, was dismissed from the action on September 23, 2021, after he failed to pay the court's filing fee or apply for leave to proceed IFP. (See Filing 11.) The court will now review the Complaint to determine whether the case should proceed to service of process, or whether it should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial

---

[1] *See State v. Thomas*, District Court of Douglas County, Nebraska, Case No. CR 20-2652. The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice.

review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## II. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges he has been surveilled by the Sarpy County Sheriff's Department, which used electromagnetic pulse technology from cell towers to "fry" the SD card in his phone. Plaintiff also alleges he has been falsely accused of criminal actions and of having a mental illness in order to silence him "as a witness to the high crimes they are committing." (Filing 1, p. 2.) Over 150 pages of handwritten notes are attached to the Complaint as Plaintiff's "testimony" about being a victim of the National Security Agency's "Gangstalking" psychological torture program. (Filing 1, pp. 2, 10-162.)

For relief, Plaintiff requests a federal investigation into his claims. (Filing 1, p. 4.) Plaintiff has no constitutional right or any other basis to compel an investigation. *Stevenson v. Mercy Clinic E. Communities*, No. 4:19-CV-811-RLW, 2019 WL 2103588, at *2 (E.D. Mo. May 14, 2019) (citing *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see Lightfeather v. Beatrice State Developmental Ctr.*, No. 8:21CV116, 2021 WL 2077663, at *2 n. 1 (D. Neb. May 24, 2021) ("The prospective relief [plaintiff] requests (*i.e.*, a federal investigation into conditions at BSDC and permanent closure of the facility) is not a viable remedy."); *Richter v. Sprint/VMUSA*, No. 8:19CV223, 2019 WL 3859796, at *3 (D. Neb. Aug. 16, 2019) ("Plaintiff does not have a right to compel a criminal investigation or prosecution." (citing *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) (quoting *Doe v. Mayor and City Council of Pocomoke City*, 745 F.Supp. 1137, 1139 (D. Md. 1990) ("The Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime."))), *aff'd*, 784 F. App'x 979 (8th Cir. 2019). *See also United States v. Lail*, No. 207CR20028 PKHMEF1, 2018 WL 850161, at *6 (W.D. Ark. Jan. 26, 2018) (court has no power to order a criminal investigation into plaintiff's claims of theft and other criminal acts by the federal Bureau of Prisons), *report and recommendation adopted*, 2018 WL 847787 (W.D. Ark. Feb. 13, 2018); *Triplett v. Palmer*, No. 12-CV-4063-DEO, 2012 WL 6727617, at *5 (N.D. Iowa Dec. 28, 2012) (involuntarily committed patient's request for federal investigation into conditions at mental health facility "is beyond power and jurisdiction of this Court, sitting in a 42 U.S.C. § 1983 action"). *Hankins v. Selig*, No. 4:09-CV-00323 GTE, 2009 WL 3248012, at *4 (E.D. Ark. Oct. 7, 2009) (court lacks the power to launch an investigation).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Plaintiff's stream-of-consciousness "testimony" does not comport with Rules 8 and 10, and will not be considered. Other significant pleading defects also exist.

Plaintiff generally alleges that Defendant Mattingly accused him of "false criminal actions," but provides no supporting facts. If Plaintiff is complaining about pending criminal charges, this court may be required to abstain from entertaining this claim. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there initially. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. D. Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010).

There are no allegations against the Lincoln Regional Center or the Lincoln Police Department. Plaintiff's Complaint also lacks sufficient facts regarding actions allegedly taken by the Sarpy County Sheriff's Department. In addition, "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Cunningham v. Hunt*, No. 8:21CV282, 2021 WL 4148551, at *2 (D. Neb. Sept. 13, 2021) (quoting *Ferrell v. Williams Cty. Sheriff's Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014). *See also De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff department not subject to suit under § 1983); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such.... [t]hey are simply departments or subdivisions of the City government").

Although Plaintiff's Complaint is subject to preservice dismissal for failure to state a claim upon which relief may be granted, the court on its own motion will allow him to file an amended complaint. If Plaintiff files an amended complaint, he must comply with Rules 8 and 10. *See, e.g., Chandler v. Pogue*, 56 Fed. App'x 756

(8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se inmate's lengthy complaint for failure to comply with Rules 8 and 10). Plaintiff must also identify personal involvement or responsibility by each named Defendant for constitutional violations. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege a defendant's personal involvement or responsibility for constitutional violations to state a § 1983 claim); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

Finally, Plaintiff has filed a motion requesting multiple copies of all filings in this matter. The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment of copying charges or postage. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir.1973)). If Plaintiff requires copies of court documents, he should contact the clerk's office to determine the proper method of requesting and paying for copies. *See* NECivR 79.1(b)(2) ("Fees to print a paper copy of an electronic filing and to obtain a certified copy of an electronically filed document are allowed by 28 U.S.C. § 1914.").

### III. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a plausible claim for relief against any named Defendant. However, the court will give Plaintiff 30 days from the date of this Memorandum and Order to file an amended complaint that states a plausible claim for relief against one or more defendants. Plaintiff should be mindful to explain what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him. The amended complaint must contain both "a *short and plain* statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a) (emphasis added). The claim statement should be presented "in numbered paragraphs, each limited as far a practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

IT IS ORDERED:

1. Plaintiff is granted leave to file an amended complaint within 30 days. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **November 1, 2021**—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

6. Plaintiff's motion for copies (Filing 3) is denied.

Dated this 1st day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge
