IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DYLAN THOMAS,<br><br>    Plaintiff,<br><br>vs.<br><br>DAKOTA OHM, GABRIAL MATTINGLY, ANDRE WILLIAMS, DERRICK TRYLER, ARTUROR FROM HOMELAND SECURITY, and NAJEEB SHEKAIB<br><br>    Defendants. | 8:21CV272<br><br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff, a pretrial detainee committed to the Lincoln Regional Center after a determination that he was not competent to stand trial,[1] filed his pro se Complaint on July 21, 2021 (Filing 1), and was granted leave to proceed in forma pauperis ("IFP"). The court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and, in a Memorandum and Order entered on October 1, 2021 (Filing 12), determined it was subject to preservice dismissal for failure to state a claim upon which relief may be granted. However, the court sua sponte gave Plaintiff leave to amend within 30 days. Plaintiff's Amended Complaint (Filing 13) was received by the court on October 27, 2021. It will now be reviewed to determine whether summary dismissal is appropriate.[2]

---

[1] *See State v. Thomas*, District Court of Douglas County, Nebraska, Case No. CR 20-2652. The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice.

[2] Attached to the Amended Complaint is a 250-page "Exhibit A" in which Plaintiff expounds upon "NSA Gangstalking, a Euphamism [sic] for Corporate Christian Terrorism, New Dimensions in American Evil and Google Social Credit

I. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

---

System Abuse of Targeted Individuals." As the court explained in its previous Memorandum and Order, these materials do not comport with Rules 8 and 10 of the Federal Rules of Civil Procedure and, consequently, are not considered part of the pleading.

## II. DISCUSSION

Plaintiff's original Complaint asserted claims against the Sarpy County Sheriff's Department and Gabrial Mattingly, who allegedly worked as a confidential informant "contracted through the Sarpy County Sheriff's Department, paid for by the FBI." Plaintiff alleged that in 2017 Mattingly "served me … a due [sic] not apprehend warrant of survallance [sic], but not detainment, accusing me of false criminal actions for their purpose of survallance [sic]," and that the Sarpy County Sheriff's Department "used technology (EMP) to destroy my phone & fry my SD card by utilizing a cell phone tower illegal weapon signal, violating my Fourth Amendment privacy, searches & seizzur [sic] rights." (Filing 1 at 2.) Plaintiff generally claimed, "I am being accused of having mental illness & delussion [sic] for the purpose to discredit my claim for me to testify against these acts of domestic terrorism." (*Ibid*.)

Also named as defendants in the Complaint were the Lincoln Police Department and the Lincoln Regional Center, but Plaintiff asserted no claims against them; it appears they were made parties to the action because of claims asserted by a co-plaintiff, Austin E. Lightfeather, who was dismissed from the action when he failed to pay the court's filing fee or apply for leave to proceed IFP. Lightfeather also prepared the pleading, but Plaintiff attached over 150 pages of handwritten notes which he described as his "testimony" about being a victim of the National Security Agency's alleged "Gangstalking" psychological torture program.

Gabrial Mattingly is again named as a defendant in the Amended Complaint, but Plaintiff has added five new defendants, none of whom have any connection to the claim that is asserted against Mattingly. Plaintiff now alleges that Mattingly is a confidential informant for "Douglas County Police," and that in 2017 he lured Plaintiff into a "front house" in Omaha equipped with hidden cameras, where "some kid walked in and asked [Plaintiff] to sell him drugs" even though Plaintiff "never sold a drug in [his] life." (Filing 13 at 1.) "Then the kid grabbed a recording device from above the bathroom door when he thought [Plaintiff] wasn't looking and left." (*Ibid*.) "Gabrial Mattingly was sitting on the couch the entire time. He introduced himself. He told me, 'You have a do not apprehend warrant.'" (*Ibid*.) Plaintiff alleges Mattingly's statement "means they placed my innocent family's home under constant surveillance and they followed me around and set me up every chance they

3

could for years. Until I had a mental breakdown." (*Ibid*.) Plaintiff requests that a "Protection Order" be issued against Mattingly.

The other five defendants in Plaintiff's Amended Complaint are alleged to be (1) a confidential informant for "Sarpy County Police" who was sent to Plaintiff's place of work in 2017 to befriend Plaintiff, and who allegedly gave Plaintiff a flip phone, which compromised Plaintiff's family's devices, and also a "hacked" iPod, which ruined Plaintiff's home computer; (2) a "State Sponsored Christian Terrorist and Hitman" who was sent to Plaintiff's jail cell at Douglas County Corrections in April 2021 to murder Plaintiff and silence him as a witness to illegal governmental activities by injecting Plaintiff with poison; (3) another "State Sponsored Christian Terrorist and Hitman" and "member of the same Violent Corporate Christian Cult Fascist Mass Movement Terrorist Organization abusing [Plaintiff] up and down the country like Scientologists for years," who implied Plaintiff's family would be in danger if Plaintiff did not stop exposing the government's actions in psychologically torturing and murdering dissidents; (4) a new staff member at the Lincoln Regional Center who is "an infiltrator from Homeland Security sent in to harass and entrap Plaintiff"; and (5) a nurse at the Lincoln Regional Center who committed medical malpractice by misdiagnosing Plaintiff as paranoid schizophrenic for "telling the truth about 8 years of relentless government abuses" and administering medication for the treatment of schizophrenia which Plaintiff claims is dangerous because it weakens the immune system. Plaintiff's seeks to recover $100,000 in damages for the nurses' alleged "medical malpractice" and wants "Protection Orders" issued against the other additional defendants. (Filing 13 at 1-3.)

The court finds these additional defendants do not belong in this lawsuit, which, when filed, only concerned actions that allegedly were taken by the Sarpy County Sheriff's Department and Mattingly.

> Rule 20 provides in part: "Persons ... may be joined in one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).... "All 'logically related' events entitling a person to institute a legal action against another generally are

4

regarded as comprising a transaction or occurrence." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)….

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). "Requiring *pro se* prisoners to adhere to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s],' avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule." *Evans v. Deacon*, No. 3:11-CV-00272-ST, 2016 WL 591758, at *7 (D. Or. Feb. 12, 2016) (quoting *George v. Smith*, 507 F.3d 605, 607 (9th Cir. 2007)) (citations omitted). Unrelated claims involving different defendants belong in different suits. *George*, 507 F.3d at 607 (holding that state prisoner's § 1983 action asserting 50 claims against 24 defendants should have been brought as separate actions, since defendants did not participate in the same transaction or series of transactions, and question of fact was not common to all defendants).

"Misjoinder of parties is not a ground for dismissing an action," but the court on its own may "drop a party" or "sever any claim against a party" in order to eliminate the misjoinder. Fed. R. Civ. P. 21.

*Lightfeather v. Ricketts*, No. 8:21CV165, 2021 WL 3857680, at *3-4 (D. Neb. Aug. 30, 2021).

While the events alleged in the Amended Complaint may seem "logically related" to Plaintiff, all happening because of a vast governmental conspiracy that is being directed at him for "telling the truth," the court is not required to accept the truth of an IFP plaintiff's "clearly baseless" factual allegations, a category which encompasses allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id. See also Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when

5

it lacks an arguable basis in either law or fact") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Lightfeather*, 2021 WL 3857680, at *3 (plaintiff's allegations that the state legislature funded everything about which he complained in order to block his voice from being heard were fanciful and delusional).

Plaintiff's allegations that the defendants' actions were all part of a "decade long clandestine full-spectrum dominance counter-terrorism military operation of surveillance and disruption targeting [Plaintiff] … for assassination" (Filing 13 at 4) are clearly baseless. Disregarding such baseless allegations, none of the claims against the five additional defendants arise out of the same transaction or occurrence as the claim against Mattingly. The five additional defendants therefore will be "dropped" from this action under Rule 21, and the court will only examine whether the allegations against Mattingly state a claim upon which relief may be granted.[3]

An additional reason for dismissing the claims against Defendants Arturor from Homeland Security and Najeeb Shekaib is that Plaintiff previously included these claims in another pending case, *Taylor v. Lincoln Regional Staff Members, et al.*, Case No. 8:21CV368, which was filed on September 22, 2021.[4] District courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (affirming direct court's preservice dismissal of pro se prisoner's § 1983 complaint); *see Barber v. Frakes*, No. 8:21CV285, 2021 WL 4748688, at *2 (D. Neb. Oct. 12, 2021) (dismissing duplicative claims on initial review).

Liberally construing the allegations of Plaintiff's Amended Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged

---

[3] To be clear, the court is not dismissing the claims alleged against the five additional defendants in the Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A as being frivolous.

[4] Although these Defendants are identified slightly differently in Case No. 8:21CV368, as "Arturo from Homeland Security" and "Dr. Najeeb," the claims clearly are duplicative based on Plaintiff's allegations.

deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Mattingly is alleged to be a confidential informant for "Sarpy County Police." Plaintiff's original Complaint suggested he was a paid informant, working either for the Sarpy County Sheriff's Department or the FBI, but that is no longer alleged.[5] Only a paid informant might conceivably be considered a "state actor" for purpose of section 1983 (or a federal operative under *Bivens*).[6] Private individuals may act under color of state law when they conspire with state officials, but in order to state conspiracy claim, plaintiff must allege specific facts showing "meeting of the minds." *Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir. 1988). Plaintiff does not allege there was such a "meeting of the minds."

But even if Plaintiff had alleged facts sufficient to establish that Mattingly acted under color of state law, the alleged entrapment attempt is not a constitutional violation for which relief may be granted under section 1983. See *Stokes v. Gann*, 498 F.3d 483, 485 (5th Cir. 2007) (citing cases); *Reyes v. Unknown Agent (Badge 101)*, No. 09cv69 MCA/WDS, 2010 WL 11549184, at *5 (D. N.M. Jan 13, 2010) (recognizing that federal circuits have concluded that entrapment is not a constitutional violation) (citing cases).

Entrapment may constitute a substantive due process violation where conduct is "so outrageous" that it "shocks the conscience." *Stokes*, 498 F.3d at 485. "The level of 'outrageousness' needed to prove such a due process violation is quite high." *Gunderson v. Schlueter*, 904 F.2d 407, 410 (8th Cir. 1990) (affirming summary

---

[5] As stated in the Court's previous Memorandum and Order, the Amended Complaint is a superseding pleading. (See Filing 12 at 7.)

[6] The Eighth Circuit does not appear to have addressed the question of whether a paid informant qualifies as a "state actor." The Sixth Circuit has refused "to establish a per se rule that the activities of paid government informants must always be considered government action." *Ghandi v. Police Department,* 823 F.2d 959, 963 (6th Cir. 1987). Instead, it "look[s] to all the facts to determine whether a paid government informant 'may fairly be said to be a [government] actor ... because he has acted together with or has obtained significant aid from [government] officials, or because his conduct is otherwise chargeable to the State.'" *Id.*

judgment in favor of conservation officer who acted on personal vendetta to entrap plaintiff into violating fish and game laws, stating: "Although the judgment of acquittal and the entrapment instruction suggest that the jury concluded Gunderson was not predisposed to commit these crimes, that acquittal is the full extent of his remedy in this case. Finding a due process violation here would bring us too close to converting every successful entrapment defense into a section 1983 action for damages."). *See also United States v. Combs*, 827 F.3d 790, 794-96 (8th Cir. 2016) ("We are aware of only two reported court of appeals decisions—both from the 1970s—that have deemed the government's conduct [in conducting sting operations using informants or undercover agents] so outrageous as to violate due process.").

"Because the conscience-shocking standard is intended to limit substantive due process liability, it is an issue of law for the judge, not a question of fact for the jury." *Truong v. Hassan*, 829 F.3d 627, 631 (8th Cir. 2016) (quoting *Terrell v. Larson*, 396 F.3d 975, 981 (8th Cir. 2005)). The facts alleged in Plaintiff's Amended Complaint fail to show that Mattingly engaged in outrageous, conscience-shocking behavior or caused Plaintiff any actual harm. Nor do the facts alleged show any need for the issuance of a "Protection Order" or other injunctive relief against Mattingly because of his 2017 encounter with Plaintiff. The court therefore concludes that no actionable claim for relief exists.

### III. MOTION FOR STATUS

On November 29, 2021, the Clerk of the Court received a communication from Plaintiff, which was docketed as a motion for status (Filing 15). Plaintiff seeks confirmation that his Amended Complaint and Exhibit A were timely received, and poses several questions about case progression. This Memorandum and Order will serve as the court's response.

### IV. CONCLUSION

There is a misjoinder of parties in Plaintiff's Amended Complaint, which requires dismissal of claims against all Defendants other than Gabrial Mattingly, who was named as a defendant in Plaintiff's original Complaint. However, the Amended Complaint fails to state a claim upon which relief may be granted against Gabrial Mattingly, and it is therefore is subject to preservice dismissal under 28

U.S.C. §§ 1915(e)(2) and 1915A. This dismissal will be without prejudice, but will count as one "strike" under the "3-strikes" provision of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for status (Filing 15) is granted to the extent stated in the foregoing opinion, but is otherwise denied.

2. All claims alleged against Defendants Dakota Ohm, Andre Williams, Derrick Tryler, Arturor From Homeland Security, and Najeeb Shekaib are dismissed without prejudice pursuant to Rule 21, for misjoinder.

3. All claims alleged against Defendant Gabrial Mattingly are dismissed without prejudice for failure to state a claim upon which relief may be granted.

4. Judgment shall be entered by separate document, and the Clerk shall proceed to close this case for statistical purposes.

Dated this 3rd day of December, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge