IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DYLAN THOMAS,<br><br>        Plaintiff,<br><br>vs.<br><br>DAKOTA OHM, GABRIAL MATTINGLY, ANDRE WILLIAMS, DERRICK TRYLER, ARTUROR FROM HOMELAND SECURITY, and NAJEEB SHEKAIB<br><br>        Defendants. | **8:21CV272**<br><br>**MEMORANDUM AND ORDER** |

    On December 3, 2021, the court entered a final judgment dismissing this case without prejudice. On January 3, 2022, the received a communication from Plaintiff which has been docketed as a motion for reconsideration (Filing 18).

    Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making the motion for reconsideration, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

    Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

    Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Upon consideration of Plaintiff's motion, the court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal without prejudice. He has not shown that the dismissal was the result of manifest error of law or fact, nor has he presented any "extraordinary circumstances" justifying relief.

Plaintiff objects to the court citing decisions involving his former co-plaintiff, Austin Lightfeather, in its Memorandum and Order (see Filing 16 at 5, 6), but those citations concern propositions of law which are also applicable to Plaintiff's case. The court assessed Plaintiff's claims independently from Lightfeather's. Plaintiff next objects that the court stated he alleged that someone "injected" him with poison (see Filing 16 at 4), because what he actually alleged was that someone gave him a "Hot Shot of Poison" (see Filing 13 at 2), which did not involve the use of a syringe. This misstatement did not affect the outcome of the case. Plaintiff also wants changes made regarding the title of a 250-page treatise he appended to the Amended Complaint as Exhibit A (see Filing 13 at 1, n.2; Filing 13 at 12). Again, if there is any discrepancy in wording, it is not a material misstatement.

Plaintiff states he thought he could add claims and parties when filing the Amended Complaint. In general, this is correct. But as explained in the court's Memorandum and Order (see Filing 16 at 3-6), the additional parties were dismissed because of misjoinder, *see* Fed. R. Civ. P. 20(a)(2) & 21, and, as to certain claims, because they duplicated claims already asserted by Plaintiff in another pending case.

Finally, Plaintiff takes exception to the court's statement that his "allegations that the defendants' actions were all part of a 'decade long clandestine full-spectrum

3

dominance counter-terrorism military operation of surveillance and disruption targeting [Plaintiff] … for assassination' (Filing 13 at 4) are clearly baseless." (See Filing 16 at 6.) The court stands by this statement.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Filing 18) is denied.

Dated this 7th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3