IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DYLAN THOMAS,<br><br>        Plaintiff,<br><br>    vs.<br><br>GABRIAL MATTINGLY, Confidential Informat; SARPY COUNTY SHERIFFS DEPARTMENT, State Actor, Individual Capacity; LINCOLN POLICE DEPARTMENT, and LINCOLN REGIONAL CENTER,<br><br>        Defendants. | 8:21CV272<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a state prisoner, has requested that the court waive the unpaid portion of his filing fee in this matter, which was dismissed by the court on December 3, 2021, prior to service of process. The request must be denied.

"The purpose of the Prisoner Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *see Murray v. Dosal*, 150 F.3d 814, 816 (8th Cir. 1998) ("The PLRA was enacted with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims.") (internal quotations and citations omitted).

The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. *Ringland v. Google LLC*, No. 8:21CV481, 2022 WL 704067, at *1 (D. Neb. Mar. 9, 2022); *Lightfeather v. Osborn*, No. 4:20CV3118, 2020 WL 7318095, at *1 (D. Neb. Dec. 11, 2020); *Rayes v.*

*Houston*, No. 4:14CV3177, 2014 WL 4385004, at *1 (D. Neb. Sept. 3, 2014). It is also well-established in this circuit that "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (holding prisoner would be assessed a full filing fee even if his case was dismissed for failure to prosecute); *see Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (dismissal of prisoner's case for failure to pay initial partial filing fee did not relieve him of obligation to pay full filing fee, and his institution was authorized to collect monthly installment payments from his trust account).

IT IS THEREFORE ORDERED that Plaintiff's motion to waive full payment of filing fee (Filing 31) is denied.

Dated this 18th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge